**O**

# United States District Court
# Central District of California

METROPOLITAN LIFE INSURANCE COMPANY,

Plaintiff-in-Interpleader,

v.

KRISTINA TRUJILLO, ALEC TRUJILLO, TERA TRUJILLO, and MICHELE TRUJILLO,

Defendants-in-Interpleader.

Case № 2:18-CV-09577-ODW (JPRx)

**ORDER DENYING MICHELE TRUJILLO'S MOTION FOR SUMMARY JUDGMENT [59]**

## I. INTRODUCTION

Before the Court is Defendant-in-Interpleader Michele Trujillo's Motion for Summary Judgment ("Motion"). (Mot. for Summ. J. ("Mot."), ECF No. 59.) The Motion is fully briefed. (*See* Opp'n to Mot. ("Opp'n"), ECF No. 63; Reply in Supp. of Mot. ("Reply"), ECF No. 65.) Having carefully considered the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons discussed below, the Court **DENIES** the Motion. (ECF No. 59.)

## II. FACTUAL BACKGROUND

Plaintiff-in Interpleader Metropolitan Life Insurance Company ("MetLife") initiated this action in November 2018 against Defendants-in-Interpleader Kristina

Trujillo (surviving wife of Decedent), Michele Trujillo (surviving former wife of Decedent), Alec Trujillo (surviving son of Decedent), and Tera Trujillo (surviving daughter of Decedent). (Compl. ¶¶ 1–5, ECF No. 1.) MetLife issued a life insurance policy to Decedent's employer, the County of Los Angeles, with an individual certificate to Decedent. (Compl. ¶ 8.) At the time of Decedent's death on June 9, 2018, the policy benefits in the amount of $980,000 became payable to the proper beneficiary. (Compl. ¶¶ 8, 10–11.) Shortly before his death, Decedent changed his policy beneficiary to designate Kristina for 60% of the policy benefits, Alec for 20%, and Tera for 20%. (Compl. ¶ 12.) Shortly after Decedent's death, Michele informed MetLife that she was entitled to $350,000 of the policy benefits, per her divorce judgment dated February 29, 2012. (Compl. ¶ 13.) MetLife has paid Kristina, Alec, and Tera their respective percentages of the uncontested policy benefits. (Compl. ¶ 21.) Given the competing claims to the remaining $350,000 policy benefits, MetLife initiated this interpleader action and deposited the contested funds with the Court. (*See* Compl.; Financial Entry, ECF No. 51.)

Michele now moves for summary judgment. (*See* Mot.) She asserts that no genuine dispute as to any material fact exists regarding her right to recover a portion of the policy benefits and that she is therefore entitled to judgment as a matter of law. (*See* Mot.) Michele argues that the marital dissolution order along with other documents demonstrate that Decedent was required to maintain a life insurance policy for $350,000 in her name until (1) he retired or (2) both he and Michele began receiving his retirement payments. (Mot. 8.) Michele contends neither of these events occurred and, as such, she is entitled to the $350,000 policy benefits. (Mot. 12–13.) Kristina opposes Michele's Motion primarily on the basis of multiple disputes of material fact. (*See generally* Opp'n.) Kristina also objects to Michele's evidence as lacking foundation and authentication, and as hearsay. (Evid. Objs. in Opp'n, ECF No. 63-2.)

## III. DISCUSSION

A party seeking summary judgment bears the initial burden of establishing there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A summary judgment motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Celotex Corp.*, 477 U.S. at 323. Rule 56(c) requires a party asserting a lack of genuine disputed facts to support that assertion by citing to particular materials in the record, showing that the materials cited do not establish a genuine dispute, or establishing that an adverse party cannot produce admissible evidence to dispute a supported material fact. Fed. R. Civ. P. 56(c). The evidence presented by the parties must be admissible. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing Fed. R. Civ. P. 56(e)).

"Evidence submitted in support of or in opposition to a motion for summary judgment should be submitted either by way of stipulation or as exhibits to a declaration sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities." (Scheduling and Case Management Order ("Scheduling Order") 7, ECF No. 49.) "Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity." (Scheduling Order 8.)

With her Motion, Michele submits (1) the Declaration of Goldy Berger addressing counsel's efforts to meet and confer in advance of filing the Motion (ECF No. 59); (2) a Statement of Uncontroverted Facts and Conclusions of Law ("SUF"), which includes both undisputed and disputed facts, and which cites to exhibits in support (ECF No. 59); (3) Proposed Orders (ECF Nos. 59, 59-2); and (4) 148 pages of exhibits (ECF No. 59-1). Michele argues the exhibits support her uncontroverted facts

which in turn demonstrate she is entitled to judgment as a matter of law. (SUF 1–9; Mot 7–19.) Although Michele relies on the exhibits to support her facts and argument, she merely attaches her proffered evidence to her Motion. She does not submit a stipulation, declaration, or deposition testimony of any witness attesting to the foundation or authenticity of the submitted exhibits. Further, she does not acknowledge the evidentiary deficiency but instead attaches additional unauthenticated and foundationless documents with her Reply. (*See* Exs. to Reply, ECF No. 65-1.) Without any evidentiary support, the Court cannot find Michele's facts established, let alone undisputed. Accordingly, judgment as a matter of law is improper.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Michele's Motion for Summary Judgment. (ECF No. 59.)

**IT IS SO ORDERED.**

February 5, 2020

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**