O

United States District Court
Central District of California

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>        Plaintiff-in-Interpleader,<br><br>    v.<br><br>KRISTINA TRUJILLO, ALEC TRUJILLO, TERA TRUJILLO, and MICHELE TRUJILLO,<br><br>        Defendants-in-Interpleader. | Case № 2:18-cv-09577-ODW (JPRx)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION [70]** |

## I.  INTRODUCTION

Presently before the Court is Defendant-in-Interpleader Michele Trujillo's Motion for Reconsideration of the Court's Order denying her motion for summary judgment ("Motion"). (Mot. for Recons. ("Mot."), ECF No. 70.) For the reasons that follow, the Motion is **GRANTED**.[1]

## II.  BACKGROUND

Plaintiff-in Interpleader Metropolitan Life Insurance Company ("MetLife") initiated this action in November 2018 against Defendants-in-Interpleader Kristina

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Trujillo (surviving wife of Decedent), Michele Trujillo (surviving former wife of Decedent), Alec Trujillo (surviving son of Decedent), and Tera Trujillo (surviving daughter of Decedent).[2] (Compl. ¶¶ 1–5, ECF No. 1.) MetLife issued a life insurance policy to Decedent's employer, the County of Los Angeles, with an individual certificate to Decedent. (Compl. ¶ 8.) At the time of Decedent's death on June 9, 2018, policy benefits in the amount of $980,000 became payable to the proper beneficiary. (Compl. ¶¶ 8, 10–11.) Decedent had designated Kristina as beneficiary for 60% of the policy benefits, Alec for 20%, and Tera for 20%. (Compl. ¶ 12.) However, Michele informed MetLife that she was entitled to $350,000 of the policy benefits, per Michele and Decedent's February 29, 2012 divorce judgment. (Compl. ¶ 13.) MetLife has paid Kristina, Alec, and Tera their respective percentages of the uncontested policy benefits. (Compl. ¶ 21.) Given the competing claims to the remaining $350,000 policy benefits, MetLife initiated this interpleader action. (*See* Compl.)

On January 7, 2020, Michele moved for summary judgment. (*See* Mot. Summ. J., ECF No. 59.) The Court denied Michele's motion on procedural grounds, because Michele failed to authenticate or provide foundation for her summary judgment evidence. (Order Den. Mot. 4, ECF No. 67.) Michele now moves for reconsideration of the Court's denial. (*See* Mot.) She asserts that her procedural failure was merely an oversight by her counsel that constitutes excusable neglect. (Mot. 3–5.) She contends she mistakenly believed that the majority of her evidence was already authenticated by other parties in this action or subject to the Court's *sua sponte* judicial notice. (Mot. 3–5.) Michele now submits declarations attesting to the authenticity of the evidence at issue and directing the Court to its location in the existing record. (Decl. of Goldy Berger, ECF No. 70-1; Decl. of Michele Trujillo, ECF No. 70-2.) Michele asks the Court to set aside its denial and reconsider her summary judgment motion on the merits.

---

[2] As Defendants-in-Interpleader share a common surname, the Court refers to their given names for clarity.

(Mot. 6.) Kristina opposes reconsideration. (*See* Opp'n to Mot., ECF No. 73.) Neither Tera nor Alec opposed summary judgment or this Motion.

## III. REQUESTS FOR JUDICIAL NOTICE

Michele requests the Court take judicial notice of a dissolution judgment and a stipulated domestic relations order issued in her state court divorce proceedings with Decedent. (Michele's Req. Judicial Notice ("RJN"), ECF No. 71.) The Court may take judicial notice of proceedings in other courts "if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of California Court of Appeal opinion and briefs). However, the Court does not rely on the proffered court orders in resolving the present Motion; therefore, the Court **DENIES** Michele's Request for Judicial Notice for the purposes of this Motion only. Kristina also requests judicial notice, specifically as to three Orders issued in this action. (*See* Kristina's RJN, ECF No. 73-5.) As the Court need not take judicial notice to consider its own Orders in this matter, the Court also **DENIES** Kristina's Request for Judicial Notice.

## IV. DISCUSSION

Michele moves for reconsideration under Federal Rule of Civil Procedure ("Rule") 60(b), on the grounds that her counsel's failure to properly authenticate her summary judgment evidence constitutes excusable neglect. (Mot. 3.) However, Rule 60(b) provides for relief from only a "final judgment, order, or proceeding." *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (citing Fed. R. Civ. P. 60(b)). It does not apply to the denial of a motion for summary judgment, as such a denial is a not a final order. *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) (quoting *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 744 (1976)); *Dessar v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965)

(discussing that denial of a summary judgment motion "merely postpones decision of any question; it decides none.").

Michele concedes the Court's denial of her motion for summary judgment is non-final but invokes the Court's inherent authority to modify interlocutory orders. (Reply in Supp. of Mot. 9, ECF No. 75.)  "Courts have inherent power to modify their interlocutory orders before entering final judgment." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) ("[A]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); Fed. R. Civ. P. 54(b).  Thus, the Court may reconsider its ruling on Michele's motion for summary judgment at any time before entry of final judgment.  *See United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970).[3]

Under the circumstances presented here, the Court finds the interests of justice would be served by consideration of Michele's motion for summary judgment on its merits.  The Court's denial was purely procedural; Michele now submits the requisite declarations and directs the Court to undisputed evidence, either in the record or subject to judicial notice.  The Court does not find Michele acted in bad faith.  Further, the Court finds no prejudice to Kristina from consideration of the motion for summary judgment on its merits as she will be fully-heard; Kristina opposed both the motion for summary judgment and the present Motion and vigorously objected to Michele's evidence at each opportunity.  (*See* Opp'n to Mot. Summ. J., ECF No. 63; Evid. Objs., ECF No. 63-2; Opp'n; Evid. Objs., ECF No. 73-3.)

In reconsidering Michele's motion for summary judgment, the Court will consider all appropriate materials filed in connection with both the motion for summary

---

[3] Neither party cites Central District Local Rule 7-18, which imposes additional requirements for a party seeking reconsideration.  See C.D. Cal. L.R. 7-18.  Regardless, as discussed below, the Court finds reconsideration warranted under its inherent authority to reconsider interlocutory orders.

judgment at ECF No. 59 and the present Motion at ECF No. 70.  No further filings are required at this time unless the Court instructs otherwise.

### V.   CONCLUSION

For the reasons discussed above, and pursuant to the Court's inherent authority and Rule 54(b), the Court **GRANTS** the Motion for Reconsideration.  (ECF No. 70.) **All dates and deadlines are hereby vacated**.  The Court will reset pretrial and trial dates, if necessary, following disposition of the motion for summary judgment.

**IT IS SO ORDERED.**

June 1, 2020

_____
         **OTIS D. WRIGHT, II
    UNITED STATES DISTRICT JUDGE**